UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01447-JLS-DFM					Date: August 30, 2021
Title: William Lawrence McGrann v. Beverly McGrann Walker et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Melissa Kunig  					N/A
Deputy Clerk							Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:	ATTORNEYS PRESENT FOR DEFENDANT:

Not Present						Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER (1) TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) VACATING HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON SEPTEMBER 17, 2021**

     Plaintiff filed this action on August 5, 2020, alleging, in brief, that Defendant coerced Plaintiff's former girlfriend to hide her pregnancy from him. (Compl., Doc 1.) Having reviewed the Complaint, it appears the Court lacks subject-matter jurisdiction over this action.

     "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The district court has a duty to establish subject matter jurisdiction *sua sponte*, whether the parties raise the issue or not. *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). As the party invoking federal jurisdiction, Plaintiff has the burden of establishing the existence of subject matter jurisdiction. *See Kokkonen*, 511 U.S at 377.

     Plaintiff attempts to invoke the Court's federal question jurisdiction. The Complaint asserts that "[s]ubject matter jurisdiction is authorized under 28 U.S.C. § 1367, *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) domestic relations exception for torts, and *Griffin v. Breckenridge*, 403 U.S. 88 (1971) 14th amendment right to equal protection of laws and liberty interests." (Compl. ¶ 2.) The Complaint also cites to 28 U.S.C. § 1343 (1)-(4); 42 U.S.C. §§ 1986, 1985; and the United States Constitution. (*Id.* ¶ 2.) Where a plaintiff invokes the Court's federal question jurisdiction, determination of whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01447-JLS-DFMDate: August 30, 2021
Title: William Lawrence McGrann v. Beverly McGrann Walker et al

federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

      Here, Plaintiff has sued a private individual, and the Complaint's allegations concern a paternity/child custody dispute. Thus, Plaintiff's reliance on constitutional rights and federal statutes that provide for a right of action against government officials is misplaced—those laws are not applicable to Defendant. The Complaint also purports to plead a claim for violation of the Americans with Disabilities Act ("ADA"); however, Plaintiff alleges only that Defendant "has direct knowledge of violations of the Americans with Disabilities Act," and does not plead any facts from which the Court can plausibly conclude *Defendant* violated the ADA. (Compl. ¶ 28.) In sum, the allegations of Plaintiff's Complaint do not give rise to any question arising under federal law.

      Accordingly, Plaintiff is ORDERED to show cause, in writing (in no more than five (5) pages), no later than **twenty-one (21) days from the date of this Order**, why the Court should not dismiss this action for lack of subject matter jurisdiction. Failure to timely respond will result in the immediate dismissal of this action without further notice. Further, in light of the issues identified herein, the hearing on Plaintiff's Motion for Default Judgment (Doc. 20), currently set for **September 17, 2021** is VACATED.

Initials of Preparer: mku